**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01013-REB- PAC

EDWARD M. CASEY,

      Plaintiff,

v.

CITY OF FEDERAL HEIGHTS,
LES ACKER,
KEVIN SWEET, and
MALEE LOR,

      Defendants.

---

## ORDER

---

**Blackburn, J.**

     The matters before me are (1) defendants' **Motion for Summary Judgment**

[#70], filed June 30, 2006; (2) plaintiff's **Motion for Leave to File Surreply** [#83], filed

August 28, 2006; (3) **Defendants' Fed.R.Evid. 702 Motion to Strike Expert**

**Witnesses** [#58], filed February 27, 2006; and (4) **Defendant Sweet's Motion for**

**Sanctions Pursuant to Fed.R.Civ.P. 11** [#69], filed June 21, 2006.  I grant the motion

for summary judgment, deny the motion for leave to file a surreply and the motion to

strike expert witnesses as moot, and deny the motion for sanctions.

## I.  JURISDICTION

     I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal

question) and 1343(a)(4) (violation of civil rights)

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121,

1123 (D. Colo. 2000).

### III.  ANALYSIS

On the afternoon of August 23, 2003, plaintiff Edward Casey appeared in the
Federal Heights Municipal Court to contest a traffic ticket.  After his *pro se* efforts to
avoid the ticket were unsuccessful, plaintiff recovered his court file from the judge, who
directed him to take it to the clerk's office to pay his fine.  Realizing he had no money
on him, plaintiff started to exit the building to retrieve money from his car.  The court
clerk intercepted him and informed him that he could not leave the building with the
court file.  Despite this admonition, plaintiff left the courthouse with the file, telling the
clerk that he was going to get money from his car and would be right back.

Meanwhile, defendant Kevin Sweet, a police officer with the City of Federal
Heights, was waiting to testify in an unrelated case in the same courtroom where
plaintiff had just appeared.  Hearing a disturbance outside the courtroom, Sweet went
to investigate.  He witnessed plaintiff and the court clerk exchanging words and asked
the clerk what was going on.  Sweet exited the building and encountered plaintiff as he
was returning from his car.  Apparently not seeing the court file in the outer pocket of
the briefcase plaintiff was carrying, Sweet directed plaintiff to return to his car and get
the file.  Plaintiff replied "No, no, I need[] to go to the window," and moved to walk
around Sweet. Sweet maneuvered himself in front of plaintiff to block his path and
again demanded that plaintiff return the file.  Plaintiff then showed Sweet his briefcase
and told Sweet to take the file himself.  When Sweet did not do so, plaintiff again tried
to go around him.  As plaintiff passed by, Sweet grabbed his right arm and attempted to

3

bring it up behind his back.  Plaintiff broke free and continued walking toward the courthouse.  Sweet then jumped on plaintiff's back and tried to bring him to the ground.  As plaintiff continued to struggle to get up, defendant Malee Lor, another a police officer with the City of Federal Heights, arrived on the scene.  She fired her Taser, hitting plaintiff in the chest.  Nevertheless, plaintiff continued to struggle, and it took several more officers to finally handcuff him and place him under arrest.

In this lawsuit, plaintiff maintains Sweet and Lor violated his Fourth Amendment rights by using excessive force to effectuate his arrest.[1]  Sweet and Lor claim entitlement to qualified immunity for their actions.  Officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000), *cert. denied*, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiff must establish both that defendants violated his rights under federal law and that such rights were clearly established at the time of the violation.  *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999).

Plaintiff cannot surmount the first of these hurdles.  *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether a constitutional right asserted by a plaintiff is 'clearly established' . . . is the determination of whether the plaintiff has asserted a

---

[1]  Plaintiff's complaint also purports to assert a claim under the Fourteenth Amendment, but such is clearly precluded by Supreme Court precedent.  *See Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).  That claim therefore will be dismissed.

violation of a constitutional right at all."). "Excessive force claims are evaluated under the Fourth Amendment standard of objective reasonableness." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989)). This standard requires a highly fact-specific examination of the totality of the circumstances confronting the officers at the time of the events in question. *See Ohio v. Robinette*, 519 U.S. 33, 39, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996); *Jiron*, 392 F.3d at 414. Among the relevant factors that may be considered in this analysis are the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Jiron*, 392 F.3d at 414-15.

Plaintiff claims that Sweet had no right to attempt to detain him in the first instance because their interaction was a consensual encounter, which plaintiff was free to terminate at will. *See Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000). Plaintiff is mistaken. When Sweet first encountered him outside the courthouse, plaintiff had taken a court file out of the courthouse against the express directive of the court clerk. This is a crime under Colorado law:

> (1) A person commits a class 1 misdemeanor if:
>
> . . . .
>
> (b) Knowing the person lacks the authority to do so, the person knowingly . . . removes . . . any public record; or

§18-8-114(1)(b), C.R.S. A class 1 misdemeanor is a crime punishable by a term of imprisonment, § 18-1.3-501(1), C.R.S., and thus, is an offense for which plaintiff could

5

have been arrested, *see* § 16-3-102, C.R.S.  Sweet therefore had at least reasonable suspicion based on articulable facts to believe that criminal activity was afoot and thus initiate an investigative stop.  *See* § 16-3-103(1); *Oliver*, 209 F.3d at 1186.  Under those circumstances, plaintiff's refusal to comply with Sweet's lawful order to return the file to him and attempts to end the encounter gave Sweet probable cause to arrest plaintiff for both failing to return the public record, *see* § 18-4-114(1)(c), C.R.S.,[2] and obstruction of a police officer, *see* § 18-8-104(1)(a), C.R.S.[3]

The question still remains whether the force Sweet applied to plaintiff was excessive under the Fourth Amendment.  I have little trouble finding that it was not.  The right to arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  *Graham*, 109 S.Ct. at 1871-72.  Officer Sweet had seen plaintiff lose his court case and witnessed plaintiff's confrontation with the court clerk.  He knew plaintiff had ignored the clerk's directive not to remove the file from the courthouse.  He had experienced plaintiff's refusal to comply with his lawful orders to return the file and repeatedly attempt to walk around him.  As noted above, Sweet therefore had probable cause to believe that a crime had been committed and to arrest plaintiff.  Given plaintiff's obvious prior resistance to Sweet's lawful orders, it was not excessive for Sweet to grab plaintiff's arm and attempt to bring it up behind his back without first advising him that he was under arrest.  Similarly, once plaintiff broke free of

---

[2]  This section provides that "[a] person commits a class 1 misdemeanor if: . . . (c) Knowing the person lacks the authority to retain the record, the person refuses to deliver up a public record in the person's possession upon proper request of any person lawfully entitled to receive such record."

[3]  This section provides that "[a] person commits obstructing a peace officer . . . when, by using or threatening to use . . . an obstacle, such person knowingly obstructs, impairs, or hinder the enforcement of the penal law . . . by a peace officer, acting under color of his or her official authority[.]"

6

Sweet's initial grip and continued on his path toward the courthouse, it was not excessive given the totality of the circumstances for Sweet to escalate his level of force by attempting to take plaintiff to the ground to effectuate the arrest.

Nor do I find that Lor's action in deploying her Taser constitutes excessive force. When Lor arrived on the scene, she witnessed Sweet struggling to bring plaintiff under control, and plaintiff resisting those efforts.  Taking the evidence in the light most favorable to plaintiff, that is, assuming *arguendo* that Lor fired her Taser immediately and without warning, that action was not excessive given the facts as they would have reasonably appeared to an objective officer in the same circumstances.  This conclusion is consistent with both Tenth Circuit precedent and the decisions of other federal courts regarding the use of a Taser to effectuate an arrest.  ***See Hinton v. City of Elwood, Kansas***, 997 F.2d 774, 781 (10th Cir. 1993); ***see also Draper v. Reynolds***, 369 F.3d 1270, 1278 (11th Cir.), ***cert. denied***, 125 S.Ct. 507 (2004); ***Wylie v. Overby***, 2006 WL 1007643 at *8 (E.D.Mich. April 14, 2006) (slip op.); ***Willkomm v. Mayer***, 2006 WL 582044 at *3 (W.D. Wis. Mar. 9, 2006) (slip op.).

Accordingly, Sweet and Lor are entitled to qualified immunity.  This determination also is fatal to plaintiff's claims against Chief of Police Les Acker and the City of Federal Heights for allegedly failing to follow their own internal policies governing review of use of force incidents.  Because claims of supervisory and municipal liability under section 1983 presuppose the existence of a constitutional violation, ***see Hinton v. City of Elwood***, 997 F.2d 774, 782 (10th Cir. 1993); ***Meade v. Grubbs***, 841 F.2d 1512, 1528 (10th Cir. 1988), and none occurred in this case, both Acker and the City are entitled to

summary judgment.

Moreover, even if I were to find that Sweet and Lor employed excessive force in effectuating plaintiff's arrest, it is plaintiff's burden to establish that the law making the officers' actions unconstitutional was clearly established at the time of the events in question.  *Langley v. Adams County, Colorado*, 987 F.2d 1473, 1476 (10th Cir. 1993); *Patrick v. Miller*, 953 F.2d 1240, 1243 (10th Cir. 1992).  The same burden of proof applies equally to plaintiff's claims against Acker and the City.  Yet plaintiff fails to point to a single case from any jurisdiction to support such a conclusion.  *See Murrell v. School District No. 1, Denver, Colorado*, 186 F.3d 1238, 1251 (10th Cir. 1999) (law not considered clearly established unless there exists "a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits [has] found the law to be as the plaintiff maintains.").  Indeed, plaintiff does not address this prong of the qualified immunity analysis at all, either in his response or in his putative surreply, despite the fact that the issue was properly joined by the initial motion and reiterated in defendants' reply brief.  This failure of proof would doom his claims in any event.

My resolution of the summary judgment motion moots defendants' Rule 702 motion.  It does not necessarily moot Sweet's motion for sanctions.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990).  Nevertheless, I deny that motion both procedurally and on the merits.  As a Rule 11 motion, it appears to be procedurally deficient, in that there is no indication that the motion itself was served on plaintiff at least 21 days before being filed with the court.

*See* FED.R.CIV.P. 11(c)(1)(A).[4]

Substantively, the motion fails as well.  Claims of excessive force are by their nature intensely fact driven, and it will be the rare case indeed in which the assertion of such a claim would be so lacking in merit as to be sanctionable.  This is not such a case.  For similar reasons, plaintiff's attorneys are not subject to sanctions either for "unreasonably and vexatiously" multiplying the proceedings in violation of 28 U.S.C. § 1927 or pursuant to the court's inherent powers.[5]

## IV.  CONCLUSION

Plaintiff has failed to establish a genuine issue of material fact regarding whether defendants Sweet and Lor violated his constitutional rights.  They therefore are entitled to summary judgment on their defense of qualified immunity.  Defendants Acker and the City of Federal Heights likewise are entitled to summary judgment.  Plaintiff's motion for leave to file a surreply, as well as defendants' Rule 702 motion, thus are rendered moot.  Sweet's motion for sanctions should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendants' **Motion for Summary Judgment** [#70], filed June 30, 2006, is **GRANTED**;

2.  That plaintiff's **Motion for Leave to File Surreply** [#83], filed August 28,

---

[4]  Moreover, because the motion  includes a request for sanctions under 28 U.S.C. § 1927, it arguably violates the requirement of Rule 11(c)(1)(A) that it "[a] motion for sanctions under this rule shall be made separately from other motions or requests[.]"

[5]  In particular, the argument that plaintiff is collaterally estopped from challenging Sweet's actions because he pleaded guilty to the charge of obstructing government operations is clearly meritless.  Plaintiff accepted a deferred sentence, which he successfully discharged.  The guilty plea therefore was withdrawn and the charges against plaintiff dismissed with prejudice.  *See* § 18-1.3-102(2), C.R.S.  The guilty plea therefore lacks the finality required to invoke collateral estoppel.

2006, is **DENIED AS MOOT**;

     3.  That **Defendants' Fed.R.Evid. 702 Motion to Strike Expert Witnesses**
[#58], filed February 27, 2006, is **DENIED AS MOOT**;

     4.  That **Defendant Sweet's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11** [#69], filed June 21, 2006, is **DENIED**;

     5.  That plaintiff's claims are **DISMISSED WITH PREJUDICE**;

     6.  That judgment **SHALL ENTER** on behalf of defendants, the City of Federal Heights, Les Acker, Kevin Sweet, and Malee Lor, and against plaintiff, Edward M. Casey, as to all claims and causes of action asserted herein;

     7.  That the Trial Preparation Conference, currently scheduled for Friday, November 17, 2006, at 9:30 a.m., as well as the trial, currently scheduled to commence on Monday, December 4, 2006, are **VACATED**; and

     8.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR 54.1.

     Dated September 21, 2006, at Denver, Colorado.

                      **BY THE COURT:**

                      **s/ Robert E. Blackburn**
                      **Robert E. Blackburn**
                      **United States District Judge**