**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01013-REB- KLM

EDWARD M. CASEY,

    Plaintiff,

v.

CITY OF FEDERAL HEIGHTS,
LES ACKER,
KEVIN SWEET, and
MALEE LOR,

    Defendants.

**ORDER GRANTING DEFENDANTS' RENEWED COMBINED
MOTION FOR SUMMARY JUDGMENT CONCERNING
MUNICIPAL AND SUPERVISORY LIABILITY CLAIMS**

**Blackburn, J.**

The matter before me is **Defendants' Renewed Combined Motion and Memorandum Brief in Support of Motion for Summary Judgment Concerning Municipal and Supervisory Liability Claims** [#106], filed March 20, 2008. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (violation of civil rights).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

## III. ANALYSIS

The facts relevant to this excessive force case are fully set forth in my **Order** [#86], entered September 21, 2006, and need not be repeated here. Plaintiff alleges that the actions of defendants Kevin Sweet and Malee Lor, both police officers employed by the City of Federal Heights, in effectuating his arrest outside the municipal courthouse on August 23, 2003, constituted excessive force. I found that they did not and granted defendants' motion for summary judgment. In so doing, I found that plaintiff's claims against the City of Federal Heights and Police Chief Acker could not survive in the absence of an underlying constitutional violation by the officers. *Id.* at 7-8.

Following plaintiff's appeal of that order, the Tenth Circuit remanded, concluding that there were genuine issues of material fact as to whether the individual defendants' actions constituted excessive force and that neither defendant was entitled to qualified immunity.[1] The City and Chief Acker now have renewed their motion for summary judgment on substantive grounds, claiming that plaintiff has failed to identify a policy or custom sufficient to impose municipal or supervisory liability on them. **See Board of County Commissioners of Bryan County, Oklahoma v. Brown**, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); **Monell v. Department of Social Services of the City of New York**, 436 U.S. 658, 694, 98 S.Ct. 2018, 2027, 56 L.Ed.2d

---

[1] The Tenth Circuit appears to have analyzed the issues presented on appeal entirely in the context of the Fourth Amendment. The panel did not address that portion of my order dismissing plaintiff's claims under the Fourteenth Amendment as barred by Supreme Court precedent. (**See Order** at 4 n.1 [#86], filed September 21, 2006.) I continue to adhere to my view that those claims are not legally cognizable.

611 (1978). Plaintiff maintains that the failure to adequately investigate the use of force in his case evidences an institutional atmosphere in which the officers felt free to use excessive force. He argues that such institutional indifference may constitute a policy sufficient to make out a claim against the City and Chief Acker. *See Fiacco v. City of Rensselaer, New York*, 783 F.2d 319, 328 (2nd Cir. 1986) ("[I]f the City's efforts to evaluate the claims were so superficial as to suggest that its official attitude was one of indifference to the truth of the claim, such an attitude would bespeak an indifference to the rights asserted in those claims."), *cert. denied*, 107 S.Ct. 1384 (1987); *Cox v. District of Columbia*, 821 F.Supp. 1, 12 (D.D.C. 1993) ("[A] city's complete failure to maintain an adequate system of disciplining officers who act unconstitutionally might also 'fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.'"), *aff'd*, 40 F.3d 475 (D.C. Cir. 1994) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989)).

Aside from the fact that a single incident is rarely sufficient to establish a municipal policy or custom, most particularly when plaintiff has alleged that a failure to act constitutes the subject policy, *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985); *Fiacco*, 783 F.2d at 328, the more immediate flaw in plaintiff's argument is that the failure to adequately investigate the officers' actions in plaintiff's case cannot constitute the "moving force" behind the use of force that already had occurred. *See Myers v. Oklahoma County Bd. of County Commissioners*, 151 F.3d 1313, 1317 (10th Cir. 1998) (citing *City of Canton*,

109 S.Ct. at 1205). It is logically impossible for an investigation that post-dates the alleged constitutional deprivation to have caused that deprivation. Absent evidence of prior instances in which the City and Chief Acker failed to adequately investigate uses of force or other incidents of misconduct on the police force, the investigation of the incident involving plaintiff is no evidence of a policy or custom that causally led to the use of force against plaintiff.

Plaintiff, therefore, has failed to show any genuine issue of material fact demonstrating a direct causal link between the alleged policy of inadequately investigating use of force incidents and the alleged deprivation of his Fourth Amendment rights. *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997); *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). Accordingly, the motion for summary judgment should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Renewed Combined Motion and Memorandum Brief in Support of Motion for Summary Judgment Concerning Municipal and Supervisory Liability Claims** [#106], filed March 20, 2008, is **GRANTED**;

2. That plaintiff's claims against defendants, The City of Federal Heights and Les Acke,r are **DISMISSED WITH PREJUDICE**; and

3. That defendants The City of Federal Heights and Les Acker are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated June 24, 2008, at Denver, Colorado.

BY THE COURT:

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**