# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01013-REB- KLM

EDWARD M. CASEY,

    Plaintiff,

v.

KEVIN SWEET, and
MALEE LOR,

    Defendants.

## ORDER RE: DEFENDANTS' RENEWED FED.R.EVID. 702
## MOTION TO STRIKE EXPERT WITNESSES

**Blackburn, J.**

The matter before me is **Defendants' Renewed Fed.R.Evid. 702 Motion To Strike Expert Witnesses** [#105], filed March 20, 2008. I grant the motion in part and deny it in part.

## I. JURISDICTION

I have jurisdiction under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

By the present motion, defendants seek to strike the testimony of two of plaintiff's proffered expert witnesses. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. This rule provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may
> testify thereto in the form of an opinion or otherwise, if

> (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

**FED.R.EVID.** 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.***, 360 F.3d 1206, 1210 (10th Cir. 2004). The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." **See Kumho Tire Company, Ltd. v. Carmichael**, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

Under ***Daubert*** and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." ***Daubert***, 113 S.Ct. at 2795. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. at 2796; *see also **Truck Insurance Exchange***, 360 F.3d at 1210. The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." ***Goebel v. Denver and Rio Grande Western Railroad Co.***, 346 F.3d 987, 991 (10th Cir. 2003) (quoting ***Gomex v. Martin Marietta***

***Corp.***, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case. ***Daubert***, 113 S.Ct. at 2796; ***In re Breast Implant Litigation***, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" ***In re Breast Implant Litigation***, 11 F.Supp.2d at 1223 (quoting ***In re Paoli Railroad Yard PCB Litigation***, 35 F.3d 717, 745 (3rd Cir. 1994), ***cert. denied***, 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. ***Id.***

Guided by these principles, I have broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. ***Truck Insurance Exchange***, 360 F.3d at 1210; ***Smith v. Ingersoll-Rand Co.***, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of my inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." ***Goebel***, 346 F.3d at 992 (quoting ***Kumho Tire Company***, 119 S.Ct. at 1176).

### III. ANALYSIS

Roger L. Willard, a former police commander for the City of Thornton, is proffered by plaintiff as an expert witness to opine principally on two subjects: (1) whether the force defendants used in arresting plaintiff was objectively reasonable under the circumstances; and (2) whether the policies, training, and supervision of the officers was appropriate. Defendants challenge Willard's qualifications, methodology, and opinions.

I find nothing objectionable in Willard's qualifications to testify as an expert on

arrest procedures and police officer training.  The matters on which defendants rely in support of their arguments in this regard go to the weight, not the admissibility, of Willard's testimony.  Likewise, Willard's opinions are not rendered fatally unreliable by the fact that he did not consider plaintiff's version of events as recounted in his deposition, especially in light of the fact that Willard, having subsequently read the deposition, stated that it would not have changed his ultimate conclusions as to the reasonableness *vel non* of the officers' actions.

Nevertheless, I agree with defendants that Willard's ultimate conclusions must be excluded.  First, the issue whether the training the officers received was adequate is no longer relevant to these proceedings. Fed.R.Evid. 401 and 402. Now that the City of Federal Heights and police chief Acker have been dismissed from the lawsuit (**see Order Granting Defendants' Renewed Combined Motion for Summary Judgment Concerning Municipal and Supervisory Liability Claims** [#119], entered June 23, 2008), it is defendants' actions, not their training or lack thereof, that will be the focus of the issues before the jury.  Willard's opinions in this regard would only serve to confuse the jury with matters that are irrelevant to their determination. Fed.R.Evid. 403.

Also irrelevant is Willard's proposed testimony that defendants employed excessive force because "[i]n order to overcome resistance or noncompliance, only that minimal amount of force required may be employed."  (Def. Motion App., Exh. B at 5.) This is not an accurate statement of the relevant legal standard against which defendants' conduct must be judged.  The Fourth Amendment "does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones."

4

*United States v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 1994). More particularly, in the context of a motion to strike expert testimony, the Tenth Circuit specifically has held that an expert's opinion that an officer used more than the minimum force necessary to effectuate an arrest was properly stricken as irrelevant and confusing because "even if it found [the officer] used more then the minimum amount of force necessary . . . the jury could nonetheless find he acted reasonably." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (footnote omitted). For these reasons, this opinion must be stricken as well.

Defendant next challenges the qualifications and methodology of Brad Borncamp, plaintiff's CPA, who is proffered to testify as to the financial losses plaintiff allegedly suffered in his business as an insurance agent following his encounter with defendants.[1] He has prepared a spreadsheet based on plaintiff's business tax returns from 1996 through 2005, showing an increase in gross receipts from the business through 2002 and then a reverse trend of decreasing receipts following plaintiff's arrest by defendants. The spreadsheet also purports to project the businesses expected increases in gross receipts 2003, 2004, and 2005, had the trend from previous years continued.

Defendants' objection that Borncamp is unqualified to testify because he is not a medical doctor, vocational rehabilitationist, or forensic economist misses the mark, because it implicitly assumes that Borncamp is being proffered to provide an opinion as

---

[1] Although defendants maintain that Borncamp should be considered a retained expert pursuant to Fed.R.Civ.P. 26(a)(2)(B), they do not suggest any practical consequence that should ensue from my determination of this issue. I decline to address such inadequately briefed arguments. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995).

to causation. He is not. It will be for the jury to decide whether defendants' actions were the cause of any injuries, financial or otherwise, that plaintiff suffered. Borncamp's testimony is being offered to assist the jury in determining the amount of plaintiff's financial damages should it conclude that defendants caused and are liable for those losses. Moreover, Borncamp's alleged lack of expertise in economics *per se* or the insurance business in particular are matters that affect the weight, not the admissibility, of his testimony.

Defendants further claim that Borncamp's methodology is unsound because it relies on gross receipts from plaintiff's business, rather than net profits. As a statement of what Colorado law requires, this is both inaccurate and incomplete. "[T]here is no per se rule requiring a showing of past profits." **Logixx Automation, Inc. v. Lawrence Michels Family Trust**, 56 P.3d 1224, 1227 (Colo. App. 2002) (citing **Western Cities Broadcasting, Inc. v. Schueller**, 849 P.2d 44, 49 (Colo. 1993). Moreover, the requirement that damages be measured by net losses does not necessarily limit the evidence on which a plaintiff can rely in attempting to demonstrate net loss. "When recovery of lost net earnings is sought, it is sufficient for the plaintiff to provide a reasonable basis for computation, using the best evidence obtainable under the circumstances that will enable the trier of fact to arrive at a fairly approximate estimate of the loss." *Id.*[2]

Finally, the various alleged assumptions, evidentiary gaps, and projections that

---

[2] Moreover, such evidence may be either documentary or testimonial. *Id.* Therefore, defendants' complaint that Borncamp's analysis is based in some part on data provided by plaintiff's wife, who herself will testify as to plaintiff's economic losses, is not in and of itself a basis for striking the opinion entirely.

defendants identify in Borncamp's opinions all are matters that affect the weight of his testimony, not its admissibility. These alleged shortcomings can be adequately explored and developed on cross-examination.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Renewed Fed.R.Evid. 702 Motion To Strike Expert Witnesses** [#105], filed March 20, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** with respect to the opinions of Roger Willard (1) that defendants use of force was excessive because it was more than the minimum required to effectuate plaintiff's arrest; and (2) that the training defendants received was causally related to the alleged violation of plaintiff's Fourth Amendment rights; and

    b. That in all other respects, the motion is **DENIED**.

Dated July 2, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**